**FILED**
VANESSA L. ARMSTRONG, CLERK

AUG 18 2015

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:12CV-37-JHM**

**WAYNE JOHNSON**                                                                            **PLAINTIFF**

**VS.**

**HEATH WEST, Deputy Sheriff**                                                 **DEFENDANT**

**JURY INSTRUCTIONS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

## I.  GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or

into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)      Arguments and statements by lawyers are not evidence;

2)      Questions and objections by lawyers are not evidence;

2



3)      Testimony I have instructed you to disregard is not evidence; and,

4)      Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.  You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

3



In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

### OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

4



## DEPOSITIONS

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of a trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on video tape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand.



## II. RULES OF LAW

## INSTRUCTION NO. 1: 42 U.S.C. § 1983

42 U.S.C. § 1983, the federal civil rights statute under which the Plaintiff sues, provides that a person may seek relief in this Court by way of damages against any person who, under color of state law, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.



## INSTRUCTION NO. 2: EXCESSIVE FORCE

The Plaintiff in this action claims that the Defendant Heath West violated his constitutional rights by using excessive and unnecessary force during his arrest. As a result of the Defendant's actions, the Plaintiff claims that he suffered injury for which he seeks damages. The Defendant denies that any of his actions during the time in question violated the Plaintiff's constitutional rights.

In order to prove his claim under this statute, the Plaintiff must establish by a preponderance of the evidence each of the following elements:

**FIRST**, that the Defendant intentionally committed acts which deprived the Plaintiff of his constitutional rights by using excessive force against the Plaintiff during the course of the Plaintiff's arrest;

**SECOND**, that the Defendant acted under color of state law; and

**THIRD**, that the Defendant's acts were the proximate cause of the Plaintiff's damages.

As to the first element, an act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, or negligence.

As to the second element, the parties have agreed that Defendant West was acting under color of law at the time of the incident.

As to the third element, an injury or damage is proximately caused by an act, whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

7



## INSTRUCTION NO. 3: EXPLANATION OF EXCESSIVE FORCE

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest. In deciding whether excessive force was used, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances. You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In doing so, you may consider the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, and any efforts made to temper the severity of a forceful response. You may also want to consider the severity of the crime at issue, whether the Plaintiff posed a reasonable threat to the safety of the officer or others, and whether the Plaintiff was actively resisting detention or attempting to escape.

If you find that the amount of force used was greater than a reasonable law enforcement officer would have employed, the Plaintiff will have established that he was deprived of a federal constitutional right. If you should decide for the Plaintiff and against the Defendant, then you must decide the issue of damages.

## INSTRUCTION NO. 4: COMPENSATORY DAMAGES

If you find for the Plaintiff on any of his claims against the Defendant, then, without regard to fault, you must determine the amount of money that will fairly and reasonably compensate the Plaintiff for any injury that you find he sustained as a direct result of the deprivation of his federal constitutional rights by Defendant.

You should consider the following types of compensatory damages that you believe from the evidence the Plaintiff has sustained, and no others:

1.  The reasonable cost of Plaintiff's medical care and hospitalization; and

2.  Past, Present and Future mental and physical pain and suffering.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

However, if you find in favor of the Plaintiff but find that he has failed to prove compensatory damages, you must return a verdict for the Plaintiff in the amount of some nominal sum, such as one dollar ($1.00).

9

## INSTRUCTION NO. 5: PUNITIVE DAMAGES

If you find for the Plaintiff against Defendant, and award compensatory damages or nominal damages under these Instructions, then you may, in your discretion, award punitive damages. However, you may only award punitive damages if you believe that the Defendant's conduct involves a reckless indifference or disregard for Plaintiff's constitutional rights, life, or safety.

Punitive damages are awarded against a Defendant for the purpose of punishing the Defendant for misconduct, and deterring him and others from engaging in similar conduct in the future. If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case.

If you decide to award punitive damages, you shall consider the following factors:

(A) The harm to the Plaintiff as measured by the damages you have awarded under these Instructions caused by a Defendant's failure to comply with his duties; and

(B) The degree, if any, to which you have found from the evidence that the Defendant's failure to comply with his duties was reprehensible, considering: the degree to which the Defendant's conduct evinced an indifference to or reckless disregard for the health and safety of others; the degree to which the harm to Plaintiff was a result of intentional conduct, or mere accident; the likelihood, at the time of the Defendant's conduct, that serious harm would arise from it; the degree of the Defendant's awareness of that likelihood; the profitability of the misconduct to the Defendant; the duration of the misconduct and any concealment of it by the



Defendant; and any actions by the Defendant to remedy the misconduct once it became known to the Defendant.

The fact that I instruct you on punitive damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover such damages.  This is entirely for you to decide.



### III.  JURY DELIBERATIONS

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so.  The first order of business should be the selection of a foreperson.  That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions.  You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  Therefore, it is important that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you.  You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.



## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No

13

member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court.  For example, do not write down or tell anyone that you are split 5-4, or 8-1, or whatever your vote happens to be.  That should stay secret until you are finished.

14

